# IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
### CIVIL DIVISION

JEREMY LENKOWSKI,
an individual,

      Plaintiff,

v,
                                         Case No.: 16-CA-010687

CITIBANK, N.A.,
a national association,

      Defendant.

_____/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, JEREMY LENKOWSKI (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, CITIBANK, N.A. (hereinafter, "Citibank" or "Defendant"). In support thereof, Plaintiff states:

### INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA").

### JURISDICTION AND VENUE

1.     This is an action for damages that exceeds $15,000.00 exclusive of attorneys' fees and costs.

2.     Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Section 559.77.

3.     At all material times herein, the conduct of the Defendant, complained of below,

(Page 8 of 61 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 8:16-cv-03472-CEH-AAS Document 2 Filed 12/23/16 Page 2 of 13 PageID 119

occurs in Pinellas County, Florida.

4.    At all material times herein, Plaintiff resided in Pinellas County, Florida and currently resides in Hillsborough County, Florida.

5.    At all material times herein, Defendant is a national association regularly engaged in business in Florida with its principal place of business located at 701 East 60th Street North, Sioux Falls, South Dakota 57104.

## GENERAL ALLEGATIONS

6.    At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

7.    At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

8.    At all material times herein, Defendant attempts to collect a debt, specifically a balance allegedly due on a Best Buy consumer credit card referenced by Defendant's account number originally ending in -1554, and beginning April 2014, account number ending in -7838 (hereinafter, the "Debt").

9.    At all material times herein, the Debt is a consumer debt, incurred primarily for personal, household, or family use.

10.    At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(5); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

11.    At all material times herein, Defendant's conduct—with respect to the Debt complained of below—qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

2

12.     At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

13.     All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

14.     Defendant made telephone calls, as more specifically alleged below, to Plaintiff's cellular telephone number 813-XXX-8071 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

15.     Plaintiff owns, regularly uses, and possesses the Cellular Telephone.

16.     At no time herein did Defendant possess Plaintiff's prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

17.     If Defendant contends that it possessed such consent, Plaintiff revoked such consent the moment Plaintiff orally instructed Defendant to cease calling his Cellular Telephone, including but not limited to, on or about August 27, 2014 and September 1, 2014.

18.     Additionally, if Defendant contends that the below-referenced phone calls were made for "informational purposes only," it nevertheless lacked the required prior express written consent necessary to make such informational calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

19.     Defendant directly made calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt, on or about the following dates and times: February 3, 2014, 1:05:13 p.m. EST; February 4, 2014, 1:11:35 p.m. EST; February 6, 2014,

3

(Page 10 of 61 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 8:16-cv-03472-CEH-AAS Document 2 Filed 12/23/16 Page 4 of 13 PageID 121

1:08:14 p.m. EST; February 7, 2014, 1:09:10 p.m. EST; February 8, 2014, 1:16:08 p.m. EST;

February 9, 2014, 1:10:53 p.m. EST; February 10, 2014, 1:10:08 p.m. EST; February 11, 2014,

1:10:22 p.m. EST; February 12, 2014, 1:12:21 p.m. EST; February 13, 2014, 1:11:21 p.m. EST;

February 14, 2014, 1:09:53 p.m. EST; February 15, 2014, 1:13:03 p.m. EST; February 16, 2014,

1:09:37 p.m. EST; February 17, 2014, 1:11:37 p.m. EST; April 3, 2014, 1:06:08 p.m. EST; April

4, 2014, 1:11:50 p.m. EST; April 5, 2014, 1:10:48 p.m. EST; April 6, 2014, 1:10:34 p.m. EST;

April 7, 2014, 1:09:52 p.m. EST; April 8, 2014, 1:09:53 p.m. EST; April 9, 2014, 1:08:45 p.m.

EST; April 10, 2014, 1:12:02 p.m. EST; April 11, 2014, 1:11:46 p.m. EST; April 12, 2014, 1:11:51

p.m. EST; April 13, 2014, 1:12:07 p.m. EST; April 14, 2014, 1:12:07 p.m. EST; April 15, 2014,

1:11:24 p.m. EST; April 16, 2014, 1:10:40 p.m. EST; April 17, 2014, 1:11:10 p.m. EST; April 18,

2014, 1:11:20 p.m. EST; April 19, 2014, 1:22:54 p.m. EST; April 21, 2014, 1:11:19 p.m. EST;

April 22, 2014, 1:11:59 p.m. EST; April 23, 2014, 1:10:37 p.m. EST; April 24, 2014, 1:13:26 p.m.

EST; April 25, 2014, 1:11:09 p.m. EST; April 26, 2014, 1:13:29 p.m. EST; April 27, 2014, 1:11:51

p.m. EST; April 28, 2014, 1:10:48 p.m. EST; April 30, 2014, 1:07:19 p.m. EST; May 1, 2014,

1:09:42 p.m. EST; May 2, 2014, 1:09:23 p.m. EST; May 3, 2014, 1:17:00 p.m. EST; May 4, 2014,

1:15:31 p.m. EST; May 5, 2014, 1:15:49 p.m. EST; May 6, 2014, 1:14:42 p.m. EST; May 7, 2014,

1:13:51 p.m. EST; May 8, 2014, 1:13:34 p.m. EST; May 9, 2014, 1:12:34 p.m. EST; May 10,

2014, 1:15:03 p.m. EST; May 11, 2014, 1:14:51 p.m. EST; May 12, 2014, 1:15:31 p.m. EST; May

13, 2014, 1:14:51 p.m. EST; May 14, 2014, 1:14:42 p.m. EST; May 15, 2014, 1:15:01 p.m. EST;

May 16, 2014, 1:17:14 p.m. EST; May 17, 2014, 1:15:58 p.m. EST; May 18, 2014, 1:16:15 p.m.

EST; May 19, 2014, 1:15:49 p.m. EST; May 20, 2014, 1:14:48 p.m. EST; May 21, 2014, 1:15:47

p.m. EST; May 22, 2014, 1:14:53 p.m. EST; May 23, 2014, 1:15:59 p.m. EST; May 24, 2014,

1:17:07 p.m. EST; May 25, 2014, 1:17:02 p.m. EST; May 27, 2014, 1:17:23 p.m. EST; May 28,

4

2014, 1:17:42 p.m. EST; May 29, 2014, 1:17:44 p.m. EST; May 30, 2014, 1:17:09 p.m. EST; June

1, 2014, 1:15:00 p.m. EST; June 2, 2014, 5:56:36 p.m. EST; June 3, 2014, 1:16:42 p.m. EST; June

4, 2014, 1:17:11 p.m. EST; June 5, 2014, 1:16:59 p.m. EST; June 6, 2014, 1:15:20 p.m. EST; June

7, 2014, 1:15:29 p.m. EST; June 8, 2014, 1:15:26 p.m. EST; June 9, 2014, 1:14:47 p.m. EST; June

10, 2014, 1:15:48 p.m. EST; June 11, 2014, 1:16:15 p.m. EST; June 12, 2014, 1:15:06 p.m. EST;

June 13, 2014, 1:15:26 p.m. EST; June 14, 2014, 1:16:07 p.m. EST; June 15, 2014, 1:16:22 p.m.

EST; June 16, 2014, 1:15:37 p.m. EST; June 17, 2014, 1:16:00 p.m. EST; June 18, 2014, 1:16:22

p.m. EST; June 19, 2014, 1:15:58 p.m. EST; June 20, 2014, 1:16:30 p.m. EST; June 21, 2014,

1:17:37 p.m. EST; June 22, 2014, 1:16:25 p.m. EST; June 23, 2014, 1:16:50 p.m. EST; June 24,

2014, 1:17:03 p.m. EST; June 25, 2014, 1:15:55 p.m. EST; June 26, 2014, 1:15:49 p.m. EST; June

27, 2014, 1:16:36 p.m. EST; June 28, 2014, 9:44:35 a.m. EST; June 28, 2014, 12:58:17 p.m. EST;

June 29, 2014, 9:42:43 a.m. EST; June 29, 2014, 11:45:51 a.m. EST; June 30, 2014, 9:29:21 a.m.

EST; June 30, 2014, 3:07:27 p.m. EST; July 1, 2014, 9:18:00 a.m. EST; July 1, 2014, 9:18:00 a.m.

EST; July 2, 2014, 9:16:49 a.m. EST; July 15, 2014, 9:27:43 a.m. EST; July 15, 2014, 2:54:20

p.m. EST; July 16, 2014, 9:38:56 a.m. EST; July 16, 2014, 4:01:55 p.m. EST; July 17, 2014,

9:31:34 a.m. EST; July 17, 2014, 2:46:40 p.m. EST; July 18, 2014, 9:26:31 a.m. EST; July 18,

2014, 3:10:29 p.m. EST; July 20, 2014, 10:49:04 a.m. EST; July 20, 2014, 12:51:01 p.m. EST;

July 21, 2014, 9:37:54 a.m. EST; July 22, 2014, 9:27:06 a.m. EST; July 22, 2014, 2:50:40 p.m.

EST; July 23, 2014, 9:19:01 a.m. EST; July 23, 2014, 2:37:46 p.m. EST; July 24, 2014, 9:19:11

a.m. EST; July 25, 2014, 9:24:22 a.m. EST; July 26, 2014, 9:38:39 a.m. EST; July 26, 2014,

2:35:46 p.m. EST; July 27, 2014, 9:41:57 a.m. EST; July 27, 2014, 12:04:43 p.m. EST; July 28,

2014, 2:58:24 p.m. EST; July 29, 2014, 2:52:40 p.m. EST; July 30, 2014, 9:22:57 a.m. EST; July

30, 2014, 2:38:14 p.m. EST; July 31, 2014, 9:26:56 a.m. EST; July 31, 2014, 2:49:39 p.m. EST;

(Page 12 of 61 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 0:16-cv-03472-CEH-AAS   Document 2   Filed 12/23/16   Page 6 of 13 PageID 123

August 1, 2014, 9:25:42 a.m. EST; August 1, 2014, 2:33:04 p.m. EST; August 2, 2014, 9:43:20 a.m. EST; August 2, 2014, 1:32:47 p.m. EST; August 3, 2014, 10:14:41 a.m. EST; August 3, 2014, 12:45:30 p.m. EST; August 4, 2014, 9:32:32 a.m. EST; August 4, 2014, 3:04:07 p.m. EST; August 5, 2014, 9:28:38 a.m. EST; August 5, 2014, 2:57:29 p.m. EST; August 6, 2014, 11:37:38 a.m. EST; August 6, 2014, 4:37:49 p.m. EST; August 7, 2014, 9:29:30 a.m. EST; August 7, 2014, 2:55:20 p.m. EST; August 8, 2014, 9:39:02 a.m. EST; August 8, 2014, 2:54:34 p.m. EST; August 9, 2014, 9:39:51 a.m. EST; August 9, 2014, 1:43:38 p.m. EST; August 10, 2014, 9:54:55 a.m. EST; August 10, 2014, 11:56:21 a.m. EST; August 11, 2014, 9:21:26 a.m. EST; August 11, 2014, 2:56:45 p.m. EST; August 12, 2014, 2:58:46 p.m. EST; August 13, 2014, 9:26:48 a.m. EST; August 13, 2014, 2:55:27 p.m. EST; August 14, 2014, 9:29:01 a.m. EST; August 14, 2014, 2:48:29 p.m. EST; August 15, 2014, 9:38:19 a.m. EST; August 15, 2014, 2:51:29 p.m. EST; August 16, 2014, 9:35:44 a.m. EST; August 17, 2014, 9:50:43 a.m. EST; August 17, 2014, 11:51:12 a.m. EST; August 18, 2014, 9:25:04 a.m. EST; August 18, 2014, 3:08:41 p.m. EST; August 19, 2014, 9:25:53 a.m. EST; August 20, 2014, 9:29:34 a.m. EST; August 20, 2014, 4:31:28 p.m. EST; August 21, 2014, 9:32:55 a.m. EST; August 21, 2014, 3:12:30 p.m. EST; August 22, 2014, 9:32:20 a.m. EST; August 22, 2014, 2:54:06 p.m. EST; August 23, 2014, 9:36:11 a.m. EST; August 23, 2014, 1:22:19 p.m. EST; August 24, 2014, 9:54:32 a.m. EST; August 24, 2014, 11:55:44 a.m. EST; August 25, 2014, 9:25:10 a.m. EST; August 25, 2014, 3:09:23 p.m. EST; August 26, 2014, 9:25:02 a.m. EST; August 26, 2014, 3:02:13 p.m. EST; August 27, 2014, 9:22:18 a.m. EST; August 27, 2014, 3:39:52 p.m. EST; August 28, 2014, 9:27:42 a.m. EST; August 28, 2014, 3:06:28 p.m. EST; August 29, 2014, 9:56:23 a.m. EST; August 29, 2014, 4:43:17 p.m. EST; August 30, 2014, 9:56:48 a.m. EST; August 30, 2014, 1:53:58 p.m. EST; August 31, 2014, 9:56:32 a.m. EST; August 31, 2014, 11:59:45 a.m. EST; September 2, 2014, 9:32:48 a.m. EST; September 2, 2014, 3:05:20 p.m. EST;

(Page 13 of 61 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 8:16-cv-03472-CEH-AAS Document 2 Filed 12/23/16 Page 7 of 13 PageID 124

September 3, 2014, 9:38:28 a.m. EST; September 3, 2014, 3:10:59 p.m. EST; September 4, 2014, 9:30:18 a.m. EST; September 4, 2014, 3:44:28 p.m. EST; September 5, 2014, 9:30:31 a.m. EST; September 5, 2014, 2:55:22 p.m. EST; September 6, 2014, 9:39:09 a.m. EST; September 6, 2014, 1:23:53 p.m. EST; September 7, 2014, 10:06:31 a.m. EST; September 7, 2014, 12:24:27 p.m. EST; September 8, 2014, 9:26:21 a.m. EST; September 8, 2014, 3:04:44 p.m. EST; September 9, 2014, 9:20:30 a.m. EST; September 9, 2014, 2:59:29 p.m. EST; September 10, 2014, 9:39:54 a.m. EST; September 10, 2014, 2:53:19 p.m. EST; September 11, 2014, 9:32:26 a.m. EST; September 11, 2014, 3:27:33 p.m. EST; September 12, 2014, 9:30:42 a.m. EST; September 12, 2014, 3:40:11 p.m. EST; September 13, 2014, 9:45:26 a.m. EST; September 13, 2014, 2:35:42 p.m. EST; September 14, 2014, 9:55:14 a.m. EST; September 15, 2014, 9:24:03 a.m. EST; September 15, 2014, 3:23:03 p.m. EST; September 16, 2014, 9:28:13 a.m. EST; September 16, 2014, 2:48:01 p.m. EST; September 17, 2014, 9:40:16 a.m. EST; September 17, 2014, 3:11:00 p.m. EST; September 18, 2014, 9:30:32 a.m. EST; September 18, 2014, 2:58:27 p.m. EST; September 19, 2014, 9:26:03 a.m. EST; September 19, 2014, 3:21:37 p.m. EST; September 20, 2014, 9:46:52 a.m. EST; September 20, 2014, 1:54:13 p.m. EST; September 21, 2014, 11:23:55 a.m. EST; September 21, 2014, 2:25:02 p.m. EST; September 22, 2014, 9:23:56 a.m. EST; September 22, 2014, 2:50:20 p.m. EST; September 23, 2014, 9:26:48 a.m. EST; September 23, 2014, 2:59:41 p.m. EST; September 24, 2014, 9:35:57 a.m. EST; September 24, 2014, 2:48:43 p.m. EST; September 25, 2014, 9:34:14 a.m. EST; September 25, 2014, 2:59:53 p.m. EST; September 26, 2014, 9:18:47 a.m. EST; September 26, 2014, 2:46:08 p.m. EST; September 27, 2014, 9:53:05 a.m. EST; September 27, 2014, 1:49:04 p.m. EST; September 28, 2014, 9:47:51 a.m. EST; September 28, 2014, 11:48:49 a.m. EST; September 29, 2014, 9:28:49 a.m. EST; September 30, 2014, 9:30:25 a.m. EST; September 30, 2014, 2:58:34 p.m. EST; October 8, 2014, 8:40:53 a.m.

(Page 14 of 61 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 0:16-cv-03472-GEH-AAS   Document 2   Filed 12/23/16   Page 8 of 13 PageID 125

EST; October 8, 2014, 1:59:29 p.m. EST; October 8, 2014, 6:01:37 p.m. EST; October 9, 2014, 8:46:46 a.m. EST; October 9, 2014, 2:09:47 p.m. EST; October 9, 2014, 5:28:35 p.m. EST; October 9, 2014, 8:50:49 p.m. EST; October 10, 2014, 1:53:11 p.m. EST; October 11, 2014, 8:27:17 a.m. EST; October 10, 2014, 8:44:15 a.m. EST; October 10, 2014, 5:17:57 p.m. EST; October 11, 2014, 12:57:41 p.m. EST; October 11, 2014, 5:00:39 p.m. EST; October 12, 2014, 9:57:10 a.m. EST; October 12, 2014, 12:19:58 p.m. EST; October 12, 2014, 3:11:13 p.m. EST; October 12, 2014, 5:13:04 p.m. EST; October 13, 2014, 8:53:57 a.m. EST; October 13, 2014, 1:41:06 p.m. EST; October 13, 2014, 4:44:32 p.m. EST; November 3, 2014, 11:36:47 a.m. EST; November 4, 2014, 11:59:26 a.m. EST; November 5, 2014, 12:13:00 p.m. EST; November 8, 2014, 11:22:50 a.m. EST; November 9, 2014, 11:49:11 a.m. EST; November 10, 2014, 12:30:39 p.m. EST; November 11, 2014, 12:10:01 p.m. EST; November 12, 2014, 12:06:55 p.m. EST; November 13, 2014, 12:01:23 p.m. EST; November 14, 2014, 12:35:29 p.m. EST; November 15, 2014, 12:04:41 p.m. EST; November 16, 2014, 11:56:15 a.m. EST; November 17, 2014, 12:28:32 p.m. EST.

20.     In connection with the above-referenced calls to Plaintiff's Cellular Telephone, Defendant left Plaintiff a minimum of 144 voicemail messages employing identical prerecorded messages with generic content.

21.     Due to both professional and personal commitments, as well as the continued and *increasing stress associated with the barrage of Debt collection calls from Defendant, Plaintiff was* unable to record the specifics (as done above) of each and every call that Defendant made to Plaintiff's Cellular Telephone. Plaintiff asserts, however, that the above-referenced calls are but a sub-set of the calls that Defendant made in violation of the FCCPA and TCPA, each of which caused stress, anxiety, and inability to use Plaintiff's Cellular Telephone when Defendant made

8

(Page 15 of 61 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 0:16-cv-03472-CEH-AAS Document 2 Filed 12/23/16 Page 9 of 13 PageID 126

such calls. Further, Defendant is in the best position to determine and ascertain the number and methodology of debt collection calls made to Plaintiff.

22.     During several of the aforementioned calls, including but not limited to calls occurring on or about August 27, 2014 and September 1, 2014, Plaintiff spoke with Defendant's employee or representative and requested that Defendant stop calling his Cellular Telephone.

23.     As a direct result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, confusion and loss of sleep, believing that even though Defendant lacked prior express consent to call his Cellular Telephone, the frequent, repeated debt collection attempts to his Cellular Telephone would simply have to be endured.

24.     Plaintiff retained Undersigned Counsel for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

25.     Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

26.     United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

27.     Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call d using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

28.     As of the date of this complaint, Defendant has not initiated a law suit in an effort

(Page 16 of 61 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 8:16-cv-03472-CEH-AAS  Document 2  Filed 12/23/16  Page 10 of 13 PageID 127

to collect the Debt. Likewise, no final judgment with respect to the Debt has been obtained by, or transferred to, Defendant.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)

Plaintiff re-allege paragraphs one (1) through twenty-eight (28), as if fully restated herein and further states as follows:

29.     Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7), by collecting consumer Debt from Plaintiff through means and with such frequency as can reasonably be expected to abuse or harass Plaintiff.

30.     Specifically, Defendant called Plaintiff's Cellular Telephone in an attempt to collect the Debt using an ATDS, a PTDS, or an APV, a minimum of 280 times during a ten-month period, often two or three calls per day, without Plaintiff's prior express consent to auto-dial his Cellular Telephone. Said calls continued despite Plaintiff's oral requests on several occasions for Defendant to stop calling his Cellular Telephone.

31.     Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act, as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

32.     As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
## TELEPHONE CONSUMER PROTECTION ACT-
## VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiff re-alleges paragraphs one (1) through twenty-eight (28) as if fully restated herein and further states as follows:

10

(Page 17 of 61 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 8:16-cv-03472-CEH-AAS Document 2 Filed 12/23/16 Page 11 of 13 PageID 128

33. Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A), by using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

34. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to call Plaintiff's Cellular Telephone *at least* 280 times in its attempt to collect the Debt.

35. At no time did Defendant possess Plaintiff's prior express consent to call Plaintiff's Cellular Telephone.

36. Further, if Defendant contends that it possessed such consent, Plaintiff revoked such consent the moment Plaintiff orally requested Defendant stop calling his Cellular Telephone.

37. Additionally, if Defendant contends that the above-referenced phone calls were made for "informational purposes only," it nevertheless lacked the required prior express consent necessary to make such informational calls to Plaintiff's Cellular Telephone using an ATDS, PTDS, or APV.

38. The phone calls made by Defendant complained of herein are the result of repeated willful and knowing violations of the TCPA.

39. As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

    a. The periodic loss of his cellular telephone service;

    b. Lost material costs associated with the use of peak time cellular telephone minutes allotted under his cellular phone service contract; and

11

(Page 18 of 61 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 8:16-cv-03472-CEH-AAS Document 2 Filed 12/23/16 Page 12 of 13 PageID 129

c.      Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls made in violation of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendant's conduct, Plaintiff respectfully requests an entry of:

a.      Judgment against Defendant declaring that Defendant violated the FCCPA;

b.      Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

c.      Judgment against Defendant declaring that it violated the TCPA;

d.      Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone calls that violated the TCPA;

e.      Judgment against Defendant for treble damages in the amount of an additional $1,000.00 for each telephone call that violated the TCPA for which Defendant acted knowingly and/or willfully;

f.      Actual damages in an amount to be determined at trial;

g.      An award of attorneys' fees and costs; and

h.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation

as required by law.

Respectfully submitted,

**LEAVENLAW**

*/s/ Aaron M. Swift*
☐ **Ian R. Leavengood, Esq., FBN 00101067**
**[X] Aaron M. Swift, Esq., FBN 093088**
☐ **Gregory H. Lercher, Esq., FBN 0106991**
☐ **Sara J. Weiss, Esq., FBN 0115637**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
glercher@leavenlaw.com
sweiss@leavenlaw.com
*Attorneys for Plaintiff*